**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Fletcher W. Schmidt (SBN 286462)
fschmidt@haineslawgroup.com
Andrew J. Rowbotham (SBN 301367)
arowbotham@haineslawgroup.com
Matthew K. Moen (SBN 305956)
mmoen@haineslawgroup.com
222 N. Sepulveda Blvd., Suite 1550
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO TRUJILLO, as an individual and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ABC PHONES OF NORTH CAROLINA, INC., dba VICTRA, a North Carolina Corporation; and DOES 1 through 10, <br><br> Defendants. | CASE NO. <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT:** <br><br> **(1) FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, 1198);** <br><br> **(2) FAIR LABOR STANDARDS ACT (29 U.S.C. § 201, *et seq.*);** <br><br> **(3) FAILURE TO PAY ALL MINIMUM WAGES (LABOR CODE §§ 1182.12, 1194, 1194.2, 1197);** <br><br> **(4) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, 558);** <br><br> **(5) REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, 558);** <br><br> **(6) WAGE STATEMENT PENALTIES (LABOR CODE § 226, *et seq.*);** <br><br> **(7) WAITING TIME PENALTIES (LABOR CODE §§ 201-203);** |

1

CLASS AND COLLECTIVE ACTION COMPLAINT

**(8) FAILURE TO INDEMNIFY ALL NECESSARY BUSINESS EXPENDITURES (LABOR CODE § 2802); AND**

**(9) UNFAIR COMPETITION (BUS & PROF CODE § 17200, *et seq.*)**

**DEMAND FOR JURY TRIAL UNLIMITED CIVIL CASE**

CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Marco Trujillo ("Plaintiff") on behalf of himself and all others similarly situated, hereby brings this Class Action Complaint ("Complaint") against Defendants ABC Phones of North Carolina, Inc., doing business as Victra, and DOES 1 to 10 (collectively "Defendants"), inclusive, and on information and belief alleges as follows:

## JURISDICTION

1.     Plaintiff, on behalf of himself and all others similarly situated, hereby brings this Complaint for recovery of unpaid overtime wages and penalties under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq*., Labor Code §§ 201-204, 226 *et seq.,* 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, and 2802, the Unfair Competition Law ("UCL") Bus. & Prof. Code, § 17200 *et seq*., and California Industrial Welfare Commission Wage Order No. 7-2001 ("Wage Order 7"), in addition to seeking injunctive relief, declaratory relief and restitution.

2.     This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights arising under federal law.  This Court has jurisdiction over Defendants' violations of the Labor Code sections set forth in the immediately preceding paragraph, the UCL, and Wage Order 7, because these claims derive from the same common nucleus of operative facts.

## VENUE

3.     Venue is proper under 28 U.S.C. § 1391 because Defendants do business within the Central District of California.  Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. § 1391(c), because at least some of them operate businesses within the Central District of California.

## PARTIES

4.     Plaintiff is an individual over the age of eighteen (18).  At all relevant times herein, Plaintiff was and currently is a California resident, residing in Orange County.  During the four years immediately preceding the filing of the Complaint

CLASS AND COLLECTIVE ACTION COMPLAINT

in this action and within the statute of limitations periods applicable to each claim pled herein, Plaintiff was employed by Defendants as an hourly non-exempt employee.  Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed to him by the FLSA, Labor Code sections 201-204, 226 *et seq.,* 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, and 2802, the UCL, and Wage Order 7, which sets employment standards for the mercantile industry.

5.    Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and do) business within the Central District of California and the United States by operating retail store locations that sell Verizon Wireless products and services, and therefore, were (and are) doing business in the Central District of California and the State of California.

6.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants were licensed to do business within the Central District of California and the United States, and were the employers of Plaintiff and the Classes (as defined in Paragraph 19).

7.    Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered.  Plaintiff is informed, and believes, and thereon alleges, that each of said fictitious Defendants, whether individual, partners, agents, or corporate, was responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

///

CLASS AND COLLECTIVE ACTION COMPLAINT

8.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.  Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

9.     At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise.  Further, Plaintiff alleges that all Defendants were joint employers for all purposes relating to Plaintiff and the Classes.

## GENERAL FACTUAL ALLEGATIONS

10.     Plaintiff was employed by Defendants as a non-exempt "Sales Associate" from approximately February 12, 2018 to March 23, 2018.  Plaintiff worked at Defendants' store locations in Anaheim, California, Fullerton, California, and Orange, California.

11.     During Plaintiff's employment with Defendants, Plaintiff worked in excess of 8.0 hours per workday and/or 40.0 hours per workweek, but did not receive overtime compensation equal to 1.5 times his regular rate of pay for all overtime hours worked.  Specifically, Defendants paid Plaintiff and similarly situated employees sales commissions, non-discretionary bonuses for completing trainings, and/or other forms of non-discretionary pay not excludable as a matter of law when calculating an employee's regular rate of pay (collectively, "Incentive Pay").  Despite Defendants' payment of Incentive Pay to Plaintiff and similarly situated employees, Defendants failed to properly incorporate the value of earned Incentive Pay when calculating Plaintiff's and similarly situated employees' regular rates of pay when they worked overtime hours and received Incentive Pay during

CLASS AND COLLECTIVE ACTION COMPLAINT

the corresponding pay period, thereby causing Plaintiff and similarly situated employees to be underpaid all of their earned overtime wages.

12.    Defendants also failed to pay Plaintiff and similarly situated employees at least the minimum wage for all hours worked. Specifically, Defendants required Plaintiff and similarly situated employees to complete trainings from home, off the clock, which could take up to eight hours to complete. However, Plaintiff was never compensated for the time spent performing this training, but was simply paid a "bonus" for completing the training. Further, Defendants regularly encouraged Plaintiff and similarly situated employees to travel to other store locations off the clock to observe and train with other employees, but failed to pay Plaintiff and similarly situated employees for this time.

13.    Defendants also failed to provide all lawful, 30-minute meal periods to Plaintiff and similarly situated employees due to Defendants' unlawful meal period policies/practices. Defendants regularly employed only a single employee at each of its store locations, and therefore, Plaintiff and similarly aggrieved employees were unable to take timely, off-duty meal periods when customers were in the store or other work duties prevented them from taking timely, off-duty meal periods. Further, on occasions when Plaintiff was provided with a meal period, it was typically untimely, interrupted, or shorter than 30 minutes in length. Furthermore, when Plaintiff and similarly situated employees worked shifts longer than 10.0 hours in length, Defendants failed to provide second duty-free, timely 30-minute meal periods.

14.    Defendants also maintained an unlawful policy/practice of manually altering Plaintiff's and similarly situated employees' time records to insert meal periods that were not truly taken. Defendants' policy/practice of manually inserting meal periods that were not actually taken resulted in the non-payment of all minimum and overtime wages earned.

///

CLASS AND COLLECTIVE ACTION COMPLAINT

15.    On occasions when Plaintiff and similarly situated employees were not provided with a timely, duty-free 30-minute meal period, Defendants failed to compensate Plaintiff and similarly situated employees with the required meal period premium payment for each workday in which a meal period violation occurred, as required by Labor Code section 226.7.

16.    Defendants also failed to authorize and permit all duty-free 10-minute rest periods for every four hours worked, or major fraction thereof, due to Defendants' unlawful rest period policies/practices. Specifically, Defendants failed to authorize and permit Plaintiff and similarly aggrieved employees to take any rest periods whatsoever.  Additionally, when Plaintiff was the sole employee staffed at Defendants' store location, Plaintiff was practically unable to take a duty-free rest period even if one had been authorized and permitted, as he was unable to be relieved of all work duties.  On occasions when Plaintiff and similarly situated employees did not receive all legally-compliant, duty-free paid 10-minute rest period to which they were entitled, Defendants failed to compensate Plaintiff and similarly situated employees with the required rest period premium for each workday in which a rest period violation occurred, as required by Labor Code section 226.7.  On information and belief, for at least a portion of the putative class period, Defendants failed to maintain a pay code for rest period premiums.

17.    During his employment with Defendants, Plaintiff was required to attend training sessions every Friday in Brea, then clock out at the completion of the training before driving directly to his store location for work.  However, despite requiring Plaintiff and similarly situated employees to travel between weekly trainings locations and Defendants' store locations, Defendants failed to reimburse Plaintiff and similarly situated employees for the mileage accrued, in violation of Labor Code section 2802.

18.    As a result of the foregoing violations, Defendants maintained inaccurate payroll records, and issued inaccurate wage statements to Plaintiff and

CLASS AND COLLECTIVE ACTION COMPLAINT

similarly situated employees, and failed to pay Plaintiff and similarly situated employees all earned wages at the time of their respective separations from employment.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

19.    Class Definitions: Plaintiff brings this action on behalf of himself and the following Classes pursuant to Rule 23 of the Rules of Federal Procedure and the FLSA:

a.    The <u>California Overtime Class</u> consists of all of Defendants' current and former non-exempt employees in California who received Incentive Pay and worked more than 8 hours per workday and/or 40 hours per workweek during the corresponding pay period, during the four years immediately preceding the filing of the Complaint through the present.

b.    The <u>FLSA Overtime Class</u> consists of all of Defendants' current and former non-exempt employees throughout the United States who received Incentive Pay and worked more than 40 hours per workweek during the corresponding pay period, during the three years immediately preceding the filing of the Complaint through the present.

c.    The <u>Minimum Wage Class</u> consists of all of Defendants' current and former non-exempt employees in California who: (i) were compensated on a flat-sum "bonus" basis for performing at-home trainings; and/or (ii) had work time manually removed from their time records for purported meal periods.

d.    The <u>Meal Period Class</u> consists of all of Defendants' current and former non-exempt employees in California who worked at least one shift: (i) in excess of 5.0 hours and whose time records reflect a missed first meal period, meal period lasting shorter than 30-minutes in length, and/or first meal period commencing after the conclusion of the fifth hour of work; and/or (ii) in excess of 10.0 hours and whose time records reflect a missed second meal period, second meal period lasting shorter than 30-minutes in length, and/or second meal period commencing after the

8

conclusion of the tenth hour of work, during the four years immediately preceding the filing of the Complaint through the present.

e.    The <u>Rest Period Class</u> consists of all Defendants' current and former non-exempt employees in California who worked at least one shift of 3.5 hours or more during the four years immediately preceding the filing of the Complaint through the present.

f.    The <u>Reimbursement Class</u> consists of all of Defendants' current and former non-exempt employees in California who were not reimbursed for necessary business expenses incurred during the four years immediately preceding the filing of the Complaint through the present.

g.    The <u>Wage Statement Class</u> consists of all members of the California Overtime Class, Minimum Wage Class, Meal Period Class, and/or Rest Period Class, during the one year immediately preceding the filing of the Complaint through the present.

h.    The <u>Waiting Time Class</u> consists of all of Defendants' formerly employed members of the California Overtime Class, Minimum Wage Class, Meal Period Class, Rest Period Class, and/or Reimbursement Class, who separated their employment from Defendants during the three years immediately preceding the filing of the Complaint through the present.

i.    The <u>Unfair Competition Law Class</u> consists of all members of the California Overtime Class, Minimum Wage Class, Meal Period Class, Rest Period Class, and/or Reimbursement Class, during the four years immediately preceding the filing of the Complaint through the present.

20.    **Numerosity/Ascertainability:** The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable.  The membership of the classes and subclasses are unknown to Plaintiff at this time; however, it is estimated that the Classes number greater than one hundred (100)

CLASS AND COLLECTIVE ACTION COMPLAINT

individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

21. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation:

i. Whether Defendants failed to properly include all forms of Incentive Pay when computing the respective regular rates for members of the California and FLSA Overtime Classes;

ii. Whether Defendants failed to pay members of the Minimum Wage Class at least the statutory minimum wage for all hours actually worked;

iii. Whether Defendants failed to provide all lawful meal periods to members of the Meal Period Class, or paid one hour of premium pay in lieu thereof;

iv. Whether Defendants authorized and permitted all lawful rest periods to members of the Rest Period Class, or paid one hour of premium pay in lieu thereof;

v. Whether Defendants properly reimbursed the members of the Reimbursement Class for all necessary business expenses incurred;

vi. Whether Defendants provided accurate, itemized wage statements to members of the Wage Statement Class, pursuant to Labor Code section 226;

vii. Whether defendants properly paid all final wages to members of the Waiting Time Class at the time of separation from employment; and

viii. Whether Defendants engaged in unlawful, unfair, illegal, and/or deceptive business practices by and through the wage and hour policies and practices described above, and whether as a result Defendants owe the classes restitution.

22. **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the

CLASS AND COLLECTIVE ACTION COMPLAINT

Classes.   The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as their uniform method of calculating the regular rate for overtime purposes and their uniform meal and rest period policies/practices. As such, these common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

23.    **Typicality:** The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statutes of limitation applicable to each claim pled in the Complaint.   As alleged herein, Plaintiff, like the members of the Classes, was deprived of all overtime and minimum wages earned, meal and rest period premium wages owed, was not reimbursed for all necessary business expenses incurred, was not furnished with accurate and complete wage statements, and did not timely receive all final wages at the time of his separation from employment.

24.    **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes.   Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff.   Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the classes.

25.    **Superiority:** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California.   Similarly, the FLSA is remedial in nature and serves an important public interest in establishing minimum working conditions and standards through the United States.   These laws and labor standards protect the average working employee from exploitation by employers who have the

CLASS AND COLLECTIVE ACTION COMPLAINT

responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.  The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein.  If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment.  Further, the prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual Class Members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests.  Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

26.    As such, the Rule 23 Classes identified in Paragraph 19 are maintainable as a Class under Rule 23(b)(1) and/or Rule 23(b)(3).

///

///

///

CLASS AND COLLECTIVE ACTION COMPLAINT

# FIRST CLAIM

## FAILURE TO PAY OVERTIME WAGES

### (AGAINST ALL DEFENDANTS)

27.    Plaintiff re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

28.    This claim is brought pursuant to California Labor Code sections 204, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

29.    At all times relevant herein, Defendants were required to properly compensate non-exempt employees, including Plaintiff and members of the California Overtime Class, for all overtime hours worked pursuant to Labor Code section 1194 and Wage Order 7. Wage Order 7, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of eight hours per workday and/or in excess of forty hours of work in the workweek. Wage Order 7, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of twelve hours each work day and/or for work in excess of eight hours on the seventh consecutive day of work in the workweek. As alleged herein, Defendants caused Plaintiff to work overtime hours, but did not compensate Plaintiff or members of the California Overtime Class at one and one half times their "regular rate" of pay for all such overtime hours.

30.    The foregoing policies and practices are unlawful and create entitlement to recovery by Plaintiff and the members of the California Overtime Class in a civil action for the unpaid amount of overtime wages, including interest thereon, statutory penalties, civil penalties, attorneys' fees, and costs of suit

according to Labor Code sections 204, 510, 558, 1194, and 1198; Wage Order 7; and Code of Civil Procedure section 1021.5.

**SECOND CLAIM**

**FAIR LABOR STANDARDS ACT**

**(AGAINST ALL DEFENDANTS)**

31.    Plaintiff re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

32.    This claim is brought pursuant to 29 U.S.C. § 207, which requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of forty per workweek.

33.    Plaintiff is informed and believes, and based thereon alleges that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of the FLSA Overtime Class, which are not excludable when calculating an employee's regular rate of pay.  Accordingly, Plaintiff and members of the FLSA Overtime Class were not compensated at the appropriate rates of overtime pay for all hours worked.

34.    Defendants' overtime policies and practices alleged herein violate the FLSA's overtime requirements including, but not limited to 29 U.S.C. § 207.

35.    Defendants' policies and practices, as alleged herein, constitute a wilful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

36.    Defendants' policies and practices of failing to properly include all forms of Incentive Pay in the overtime rate calculations for Plaintiff and members of the FLSA Overtime Class and Defendants' failure to pay overtime wages for all overtime hours worked creates an entitlement to recovery by Plaintiff and members of the FLSA Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including liquidated damages, attorneys' fees and costs, and interest thereon, pursuant to 29 U.S.C. § 216.

**THIRD CLAIM**

**MINIMUM WAGE VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

37.     Plaintiff re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

38.     Wage Order 7 and California Labor Code sections 1197 and 1182.12 establish the right of employees to be paid a statutory minimum wage for all hours worked in amounts set by state law.  Labor Code sections 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code section 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid minimum wages and interest accrued thereon.  At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law by failing to pay Plaintiff and the Minimum Wage Class for all hours actually worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and Wage Order 7.

39.     California Labor Code section 1198 makes unlawful the employment of an employee under conditions that the IWC prohibits. California Labor Code sections 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

40.     As a direct and proximate result of defendants' unlawful conduct as alleged herein, Plaintiff and the Minimum Wage Class have sustained economic damages, including but not limited to, unpaid wages and lost interest in an amount to be established at trial, and are entitled to recover economic and statutory damages

CLASS AND COLLECTIVE ACTION COMPLAINT

1    and penalties and other appropriate relief as a result of Defendants' violations of

2    the California Labor Code and Wage Order 7.

3        41.    Defendants' practice and uniform administration of corporate policy

4    regarding illegal employee compensation is unlawful and creates an entitlement to

5    recovery by Plaintiff and members of the Minimum Wage Class in a civil action for

6    the unpaid amount of minimum wages, liquidated damages, including interest

7    thereon, statutory penalties, and attorneys' fees and costs of suit according to

8    California Labor Code sections 204, 558, 1194, 1197, and 1198, and Code of Civil

9    Procedure section 1021.5.

10    ### FOURTH CLAIM

11    ### MEAL PERIOD VIOLATIONS

12    ### (AGAINST ALL DEFENDANTS)

13        42.    Plaintiff re-alleges and incorporates by reference all previous

14    paragraphs as though fully set forth herein.

15        43.    Plaintiff is informed and believes, and based thereon alleges, that

16    Defendants failed in their affirmative obligation to provide all of their non-exempt

17    employees in California, including Plaintiff and the Meal Period Class, with all

18    legally compliant meal periods in accordance with the mandates of the California

19    Labor Code and Wage Order 7, for the reasons set forth in the factual allegations

20    and class definitions sections of this Complaint. Despite Defendants' violations,

21    Defendants did not pay an additional hour of premium pay to Plaintiff and the

22    members of the Meal Period Class at their respective regular rates of pay, in

23    accordance with California Labor Code sections 226.7 and 512.

24        44.    As a result, Defendants are responsible for paying premium

25    compensation for meal period violations, including interest thereon, as well as

26    statutory penalties, civil penalties, and costs of suit, pursuant to Labor Code sections

27    226.7, 512, and 558, Wage Order 7, and California Code of Civil Procedure section

28    1021.5.

CLASS AND COLLECTIVE ACTION COMPLAINT

# FIFTH CLAIM

## REST PERIOD VIOLATIONS

### (AGAINST ALL DEFENDANTS)

45.     Plaintiff re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

46.     Wage Order 7, section 12 and California Labor Code sections 226.7, 516, and 558 establish the right of employees to be authorized and permitted to take a paid rest period of at least ten (10) minutes net rest time for each four (4) hour period worked, or major fraction thereof.

47.     As alleged herein, and due to their unlawful rest period policies and/or practices, Defendants failed to authorize and permit Plaintiff and members of the Rest Period Class to take all paid rest periods to which they were legally entitled. Despite Defendants' violations, Defendants failed to pay an additional hour of pay to Plaintiff and members of the Rest Period Class at their respective regular rates of pay for each violation, as required by Labor Code section 226.7.

48.     The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, as well as statutory penalties, civil penalties, and costs of suit according to California Labor Code sections 226.7, 516, and 558, Wage Order 7, and California Code of Civil Procedure section 1021.5.

# SIXTH CLAIM

## WAGE STATEMENT PENALTIES

### (AGAINST ALL DEFENDANTS)

49.     Plaintiff re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

50.     Plaintiff is informed and believes, and based thereon alleges that, Defendants knowingly and intentionally, as a matter of uniform policy and practice,

CLASS AND COLLECTIVE ACTION COMPLAINT

failed to furnish Plaintiff and members of the Wage Statement Class with accurate and complete, itemized wage statements that included, among other requirements, all minimum and overtime wages earned, meal and rest period premiums, and total gross and net wages earned, in violation of Labor Code section 226 *et seq*.

51.    Defendants' failure to furnish Plaintiff and members of the Wage Statement Class with complete and accurate, itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all minimum and overtime wages earned, and meal and rest period premium wages owed, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

52.    Defendants' failures created an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for damages and/or penalties pursuant to Labor Code section 226, including statutory penalties, civil penalties, and reasonable attorneys' fees and costs of suit, according to California Labor Code section 226 *et seq*.

### SEVENTH CLAIM
### WAITING TIME PENALTIES
### (AGAINST ALL DEFENDANTS)

53.    Plaintiff re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

54.    This cause of action is brought pursuant to California Labor code sections 201-203, which require an employer to pay all wages owing immediately at the time of termination of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of his/her intent to quit.  In the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

///

CLASS AND COLLECTIVE ACTION COMPLAINT

55.    Defendants failed to timely pay Plaintiff and members of the Waiting Time Class all of their final wages at the time of termination, which include, among other things, underpaid minimum and overtime wages, and meal and rest period premium wages.  Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of California Labor Code sections 201-203.  Defendants' failure to pay all final wages was willful within the meaning of Labor Code section 203.

56.    Defendants' willful failure to timely pay Plaintiff and the members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and members of the Waiting Time Class are entitled to compensation pursuant to California Labor Code section 203, plus reasonable attorneys' fees and costs of suit.

## EIGHTH CLAIM

## FAILURE TO INDEMNIFY ALL NECESSARY BUSINESS EXPENDITURES

### (AGAINST ALL DEFENDANTS)

57.    Plaintiff re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

58.    This cause of action is brought pursuant to California Labor Code section 2802, which requires an employer to "indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

59.    As alleged herein, and due to their unlawful reimbursement policies and/or practices, Defendants failed to indemnify Plaintiff and the members of the

Reimbursement Class for all necessary business expenses, including, among other things, mileage accrued.

60.    As a proximate result of Defendants' failure to indemnify Plaintiff and the members of the Reimbursement Class for their necessary business expenses incurred, Plaintiff and members of the Reimbursement Class are entitled to damages, attorneys' fees and costs of suit, and interest thereon, in sums to be shown according to proof at trial, pursuant to California Labor code section 2802.

## NINTH CLAIM

## UNFAIR COMPETITION

## (AGAINST ALL DEFENDANTS)

61.    Plaintiff re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

62.    Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code section 17200, *et seq.*, by failing to pay Plaintiff and the Classes all minimum and overtime wages earned; meal and rest period premium wages, and mandatory business expenses incurred, knowingly failing to furnish accurate and complete itemized wage statements, and wilfully failing to timely pay Plaintiff and members of the Waiting Time Class all final wages upon termination of employment.

63.    Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff, and continues to deprive members of the Classes, of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

64.    Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff, for himself and on behalf of the members of the

CLASS AND COLLECTIVE ACTION COMPLAINT

Classes, seeks full restitution of monies as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to California Business and Professions Code sections 17203 and 17208.

65.    The acts complained of herein occurred within the four years immediately preceding the filing of the Complaint in this action.

66.    Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current hourly non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under California Code of Civil Procedure section 1021.5.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiff as representative of the Classes;

3. For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4. Upon the First Claim, for compensatory, consequential, general and special damages according to proof pursuant to California Labor Code sections 204, 510, 558, 1194, and 1198;

5. Upon the Second Claim, for compensatory, consequential, liquidated, general and special damages pursuant to 29 U.S.C. sections 207 and 216;

6. Upon the Third Claim, for payment of minimum wages, liquidated damages, and penalties according to proof pursuant to California Labor Code sections 1182.12, 1194, 1194.2, and 1197;

CLASS AND COLLECTIVE ACTION COMPLAINT

7. Upon the Fourth Claim, for compensatory, consequential, general and special damages according to proof pursuant to California Labor Code sections 226.7, 512, and 558;

8. Upon the Fifth Claim, for compensatory, consequential, general and special damages according to proof pursuant to California Labor Code sections 226.7, 516, and 558;

9. Upon the Sixth Claim, for penalties pursuant to California Labor Code section 226, *et seq.*;

10. Upon the Seventh Claim, for statutory waiting time penalties pursuant to California Labor code sections 201-203;

11. Upon the Eighth Claim, for compensatory, consequential, general and special damages according to proof pursuant to California Labor code section 2802;

12. Upon the Ninth Claim, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of California Business and Professions Code section 17200, *et seq.*;

13. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code section 218.6 and California Civil Code sections 3287 and 3289;

14. On all Claims, for attorneys' fees and costs as provided by California Labor Code sections 218.5, 1194 *et seq.*, 2802, and California Code of Civil Procedure section 1021.5; and

15. For such other and further relief the Court may deem just and proper.

Dated: June 8, 2018

Respectfully submitted,
HAINES LAW GROUP, APC

By: _____
Paul K. Haines
Attorneys for Plaintiff

22

## __DEMAND FOR JURY TRIAL__

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: June 8, 2018

HAINES LAW GROUP, APC

By: _____

Paul K. Haines
Attorneys for Plaintiff

CLASS AND COLLECTIVE ACTION COMPLAINT